CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
01/10/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

**Jeffery Spencer, Jr.** and **Travis E. Hostetter**,
Individually, and on behalf of themselves and all
other similarly situated current and former employees,

        Plaintiffs,

        v.

CASE NO. 6:18CV00005

**Macado's, Inc., Macado's of Kingsport, Inc., Macado's of Bristol, Inc., Macado's of Beckley, LLC, Macado's of Bluefield, LLC, Macado's of Harrisonburg, Inc., Macado's of the Carolinas, Inc., Macado's of Vinton, Inc., Macado's of Winchester, Inc., Macado's of Boone, Inc., Macado's of Charlotte, Inc., Macado's of Concord, Inc.,** and
**Macado's of North Carolina, Inc.,** and
**Richard Macher,** Individually,

FLSA Opt-In Collective Action

JURY DEMANDED

        Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jeffery Spencer, Jr. and Travis E. Hostetter, individually, and on behalf of themselves and other similarly situated current and former tipped employees, bring this collective action against Defendants, Macado's, Inc., Macado's of Kingsport, Inc., Macado's of Bristol, Inc., Macado's of Beckley, LLC, Macado's of Bluefield, LLC, Macado's of Harrisonburg, Inc., Macado's of the Carolinas, Inc., Macado's of Vinton, Inc., Macado's of Winchester, Inc., Macado's of Boone, Inc., Macado's of Charlotte, Inc., Macado's of Concord, Inc., Macado's of North Carolina, Inc**.,** and Richard Macher, individually and, allege as follows:

1

## I.

## INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former tipped employees who are members of a class as defined herein and currently or previously employed by Defendants.

## II.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action, Defendants regularly have conducted and continue to conduct business in this district, and have engaged and continue to engage in wrongful conduct alleged herein in this district, during all material times in this cause.

## III.

## CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid tipped employees (servers, waiters, waitresses and bartenders) of Defendants in the United States who work (or have worked) at Defendants' restaurants at

any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class")[1]

## IV.

## PARTIES

5. Defendant Macado's, Inc., is a Virginia corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's, Inc. has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Upon information and belief, Defendant Macado's, Inc. is the parent corporation of the other corporate Defendants named herein. According to the Virginia Council for Corporations, Macado's, Inc. may be served through its registered agent for service of process, Dean M. Nichols, 268 Newman Avenue, Harrisonburg, Virginia 22801.

6. Defendant Macado's of Kingsport, Inc., is a Tennessee corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's of Kingsport, Inc. has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Tennessee Secretary of State, Macado's of

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

3

   Kingsport, Inc. may be served through its registered agent for service of process, CT Corporation System, 800 S Gay Street (Suite 2021), Knoxville, Tennessee 37929-9710.

7. Defendant Macado's of Bristol, Inc., is a Tennessee corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's of Bristol, Inc. has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia Secretary of State, Macado's of Bristol, Inc. may be served through its registered agent for service of process, CT Corporation System, 800 S Gay Street (Suite 2021), Knoxville, Tennessee 37929-9710.

8. Defendant Macado's of Beckley, LLC, is a Virginia limited liability corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's of Beckley, LLC has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia Council for Corporations, Macado's of Beckley, LLC may be served through its registered agent for service of process: Dean M. Nichols, 268 Newman Avenue, Harrisonburg, Virginia 22801.

9. Defendant Macado's of Bluefield, LLC is a Virginia corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's of Bluefield, LLC has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia Council for Corporations, Macado's of Bluefield, LLC may be served through its registered agent for service of process: Dean M. Nichols, 268 Newman Avenue, Harrisonburg, Virginia 22801.

10. Defendant Macado's of Harrisonburg, Inc., is a Virginia corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's of Harrisonburg, Inc. has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia Council for Corporations, Macado's of Harrisonburg, Inc. may be served through its registered agent for service of process: Dean M. Nichols, 268 Newman Avenue, Harrisonburg, Virginia 22801.

11. Defendant Macado's of the Carolinas, Inc., is a North Carolina corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's of the Carolinas, Inc., has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia Council for Corporations, Macado's of the Carolinas may be served through its registered agent for service of process: Dean M. Nichols, 268 Newman Avenue, Harrisonburg, Virginia 22801.

12. Defendant Macado's of Vinton, Inc., is a Virginia corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. Macado's of Vinton, Inc., has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia Council for Corporations, Macado's of Vinton, Inc.. may be served through its registered agent for service of process: Dean M. Nichols, 268 Newman Avenue, Harrisonburg, Virginia 22801.

13. Defendant Macado's of Winchester, Inc. is a Virginia corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919.

Macado's of Winchester, Inc., has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia Council for Corporations, Macado's of Winchester, Inc., may be served through its registered agent for service of process: Dean M. Nichols, 268 Newman Avenue, Harrisonburg, Virginia 22801.

14. Upon information and belief, Defendant Macado's of Boone, Inc. is a North Carolina corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919 and, has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Also, upon information and belief, Macado's of Boone, Inc. may be served through its registered agent for service of process, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

15. Upon information and belief, Defendant Macado's of Charlotte, Inc. is a North Carolina corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919 and, has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Also, upon information and belief, Macado's of Charlotte, Inc., may be served through its registered agent for service of process, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

16. Upon information and belief, Defendant Macado's of Concord, Inc. is a North Carolina corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919 and, has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the

relevant period to this action. Also, upon information and belief, Macado's of Concord, Inc., may be served through its registered agent for service of process, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

17. Upon information and belief, Defendant Macado's of North Carolina, Inc., is a North Carolina corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919 and, has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Also, upon information and belief, Macado's of North Carolina, Inc., may be served through its registered agent for service of process, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

18. Defendant Richard Macher has been the President and/or Chief Executive Officer of Macado's, Inc. and the other aforementioned corporate entities listed in paragraphs 6 through 17, above, at all times relevant. Upon information and belief, Mr. Macher exercised operational control of the corporate Defendants during the relevant period and he may be served process at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919.

19. Defendants constitute an integrated enterprise as that term is defined in the Fair Labor Standards Act, 29 U.S.C, § 203(r).

20. Plaintiff Jeffery Spencer, Jr. was employed by Defendants as an hourly-paid tipped employee at one of its restaurants within this district during the relevant period herein. (Plaintiff Spencer's' Consent to Join this collective action is attached hereto as Exhibit A.)

21. Plaintiff Travis E. Hostetter was employed by Defendants as an hourly-paid tipped employee at one of their restaurants within this district during the relevant period herein.

(Plaintiff Hostetter's Consent to Join this collective action is attached hereto as Exhibit B.)

## V.

## **ALLEGATIONS**

22. Upon information and belief, Defendants own and operate Macado's restaurants in the states of Virginia, Tennessee, North Carolina and West Virginia.

23. The primary function of Macado's restaurants is to sell and serve food and beverage items to customers.

24. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

25. Defendants have employed Plaintiffs and those similarly situated and were responsible for establishing and administering their pay and overtime rates of pay under the direction and control of Defendant Richard Macher, during all times relevant to this collective action lawsuit.

26. The decisions regarding the compensation of Plaintiffs and other members of the class and, other terms of employment, were made through a centralized management team under the direction and control of Defendant Richard Macher.

27. Defendants have had a centralized, unified and common plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor) by providing incentives to managers to stay within or below such budgeted labor on the one hand and, subjecting those managers who failed to stay within such budgeted hours to disciplinary action on the other hand, even though such budgeted labor was/is inadequate to meet the operational demands and needs of their restaurants

which, in turn, forced their managers to encourage, entice, condone, induce, permit and/or require Plaintiffs and those similarly situated to perform work "off the clock," before and after their scheduled shifts, to require their tipped employees (class members) to perform unrelated (dual occupation), non-tip producing tasks while clocked-in to their timekeeping system as tipped employees at a tip credit wage, to perform non-tip producing preparation and maintenance tasks more than 20% of their time while only receiving a tip credit wage, to declare unearned tips so Defendants could avoid paying them supplemental pay to comply with the applicable FLSA minimum wage requirements as well as "editing out" and "failing to record" compensable time that Plaintiffs and those similarly situated worked.

28. Defendants have had a centralized, unified and common plan, policy and practice (scheme) of working Plaintiffs and similarly situated class members "off the clock" in such a variety of ways as described above. Accordingly, Plaintiffs' and Class Members' "off the clock" claims are unified by a common theory of Defendants' FLSA statutory violations.

29. Defendants have had a centralized, unified and common plan, policy and practice (scheme) of "editing out" and failing to record" compensable time that Plaintiffs and class members worked. Accordingly, Plaintiffs' and Class Members' "editing out/failing to record" claims are unified by a common theory of Defendants' FLSA statutory violations.

30. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

31. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

32. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are enterprises in interstate commerce and their employees are engaged in interstate commerce.

33. Defendants have and continue to employ Plaintiffs and putative class members who are classified as "tipped employees" but who routinely perform non-tipped tasks and, thereby, are deprived of the opportunity to earn tips during much of their shifts.

34. Plaintiffs and all other similarly situated persons are current or former employees of Defendants who were paid by the hour and a tip credit against their hourly pay rate.

35. Defendants have and continue to employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of their restaurants.

36. At all times material to this action and, pursuant to Defendants' centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been induced, forced, expected, encouraged, required and, suffered and permitted, to work "off the clock" before and after their scheduled shifts, to work in unrelated "dual occupation," non-tip producing jobs at only a tip credit wage and to declare unearned tips so Defendants could avoid paying Plaintiffs and class members supplemental pay to comply with the applicable FLSA minimum wage requirements.

37. As a result, Plaintiffs and the other members of the class are entitled to at least the applicable FLSA minimum wage for all such aforementioned "off the clock" time, as well as any applicable FLSA overtime compensation for such time.

10

38. In addition and at all times material to this action and, pursuant to Defendants' centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been required to perform unrelated non-tip producing maintenance and preparation "side work", such as rolling silverware, washing dishes and glassware, taking out trash, refilling sugar caddies, salt and pepper shakers, ice, condiments, cleaning chairs, tables, booths, restaurant artifacts and décor, lights, blinds, windows, as well as closing out customers checks and performing pre-closing cleaning tasks (such as vacuuming and/or sweeping the server's assigned area and checking dishes, napkins, and utensils) in excess of 20% of their work time, while only receiving a tip credit wage. *See* 29 U.S.C. §§ 203(m) and 203(t).

39. As a result, Plaintiffs and other members of the class are entitled to at least the applicable FLSA minimum wage for all such twenty percent plus "side work" without applying a tip credit, as well as any applicable overtime compensation for such time.

40. Also, and at all times material to this action and, pursuant to Defendants' centralized, unified and common plans, policies and practices, Defendants have "edited out" and "failed to record" via its timekeeping system compensable time of Plaintiffs and other members of the class.

41. As a result, Plaintiffs and other members of the class are entitled to at least the applicable FLSA minimum wage for all such "edited out" and "failed to record" compensable time of Plaintiffs and class members (without applying a tip credit) as well as any applicable overtime compensation for such time.

11

42. The U.S. Department of Labor's Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

43. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." *See* 29 C.F.R. § 531.52.

44. The net effect of Defendants' aforementioned plan, policy and practice of requiring Plaintiffs and other class members to perform "off the clock" work before and after their scheduled shifts, to perform unrelated (dual occupation) non-tip producing work at the tip credit rate when not assigned customers, to perform unrelated (dual occupation) preparation and maintenance "side work" of more than 20 percent of the time while only receiving a tip credit wage for such time and, to declare unearned tips so Defendants could meet the applicable FLSA minimum wage requirements without paying such employees supplemental pay, was to stay within its "budgeted labor" cost for each of its Macado's restaurants and, thereby, save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their tipped employees, including Plaintiffs and members of the class.

45. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.

## **COLLECTIVE ACTION ALLEGATIONS**

46. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

47. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

48. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are at least hundreds of individuals in the class.

49. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and other members of the class who work or have worked for Defendants at their Macado's restaurants were subjected to the same operational, compensation and timekeeping policies and practices, including not being paid for all aforementioned "off the clock" work before and after their assigned shifts, not being paid the applicable FLSA minimum wage (without applying tip credit) for unrelated "dual occupation" non-tip producing work when not assigned customers, not being compensated at least the FLSA minimum wage for 20 percent plus unrelated non-tip producing preparation and maintenance "side work" during their work time and, not being compensated for unearned tips they were required to declare (applied as tip credit by Defendants), all having been characterized and referred to as "off the clock" claims.

50. As a result, such "off the clock" and "edited out/failed to record" claims of Plaintiffs and members of the class, as previously described, are unified by common theories of Defendants' FLSA statutory violations.

51. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected and/or required to perform work without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to perform work without compensation;

- Whether Defendants failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage for all work performed;

- Whether Defendants failed to pay Plaintiffs and other members of the class all FLSA overtime compensation due them for all hours worked in excess of forty (40) hours per week.

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiffs.

52. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

53. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

54. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I

### FLSA VIOLATIONS – OVERTIME
**(On Behalf of the Class)**

55. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 54 above, as if they were set forth herein.

56. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

58. At all times relevant and based on the aforementioned allegations, Defendants have had a centralized, uniform and common plan, policy and practice of willfully failing to pay Plaintiffs and other members of the class for all compensable time, including for "off the clock" work performed before and after their scheduled shifts, for all unrelated "dual occupation" non-tip producing work time when not assigned customers at only a tip

15

credit wage, for all unrelated non-tip producing preparation and maintenance "side work" in excess of 20 percent of their work time without applying a tip credit and for all unearned tips Plaintiffs and other members of the class were required to declare (and applied as tip credit by Defendants), at the applicable FLSA minimum wage and overtime rates of pay.

59. At all times herein, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods, constitute a variety of unpaid "off the clock" and "edited out/failed to record" claims of Plaintiffs and class members that are unified by common theories of Defendants' FLSA violations.

60. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all the aforementioned "off the clock" and "edited out/failed to record" time of at least the applicable FLSA minimum wage and overtime rates of pay.

61. Defendants' aforementioned FLSA violations were willful and, committed without a good faith basis.

62. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Due to Defendants' aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiffs and the other members of the class are entitled to recover from Defendants compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as

16

interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

### FLSA VIOLATIONS – MINIMUM WAGE
**(On Behalf of the Class)**

64. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 63 above, as if they were fully set forth herein.

65. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

66. Pursuant to Defendants' aforementioned centralized, uniform and common plans, policies and practices, it has failed to pay Plaintiffs and other members of the class the applicable minimum wage rates as required by the FLSA.

67. At all times relevant and based on the aforementioned allegations, Defendants have had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all compensable time, including for "off the clock" work before and after their scheduled shifts, for all unrelated "dual occupation" non-tip producing work time when not assigned customers at only a tip credit wage, for all unrelated non-tip producing preparation and maintenance "side work" in excess of 20 percent of their time at only a tip credit wage and, for all unearned tips Plaintiffs and other members of the class were required to declare (and applied as a tip credit by Defendants), at the applicable FLSA minimum wage and overtime rates of pay.

17

68. At all times relevant herein, Defendants' aforementioned centralized, uniform and common plans, policies and practices of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods, for all hours worked, constitute a variety of unpaid "off the clock" and "edited out/failed to record" claims of Plaintiffs and class members that are unified by common theories of Defendants' FLSA violations.

69. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all the aforementioned "off the clock" and "edited out/failed to record" compensable time of at least the applicable FLSA minimum wage and overtime rates of pay.

70. Defendants' aforementioned FLSA violations were willful and, committed without a good faith basis

71. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Due to Defendants' aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiffs and the other members of the class are entitled to recover from Defendants compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid overtime to Plaintiffs and other members of the class at the applicable FLSA overtime rate of pay;

C. On Count II, an award of compensation for unpaid minimum wages to Plaintiffs and the other members of the class at the applicable FLSA minimum wage rate of pay;

D. On Counts I and II an award of liquidated damages to Plaintiffs and other members of the class;

E. On Counts I and II an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

F. On Counts I and II an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

G. On Counts I and II a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: January 10, 2018

        Respectfully Submitted,

        */s/*    Johneal M. White


        Johneal M. White (VSB #74251)
        **GLENN ROBINSON CATHEY MEMMER & SKAFF PLC**
        400 Salem Avenue, S.W., Suite 100
        Roanoke, Virginia  24016
        jwhite@glennrob.com
        (540) 767-2200 – Phone
        (540) 767-2220 – Fax

        &

        Gordon E. Jackson* (TN BPR #08323)
        J. Russ Bryant* (TN BPR #33830)
        Paula R. Jackson* (TN BPR #20149)
        **JACKSON, SHIELDS, YEISER & HOLT**
        Attorneys at Law
        262 German Oak Drive
        Memphis, Tennessee  38018
        gjackson@jsyc.com
        rbryant@jsyc.com
        pjackson@jsyc.com
        (901) 754-8001 – Phone
        (901) 759-1745 – Fax
        **Admission Pro Hac Vice Anticipated*

        *Attorneys for the Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*