IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **JEFFREY SPENCER, JR., et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**MACADO'S, INC.,** )<br>)<br>**Defendant.** ) | Case No.: 6:18cv00005 |

## DEFENDANT'S ANSWER TO
## PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Macado's, Inc. ("Macado's" or "Defendant"), by counsel, for its Answer to Plaintiffs' Second Amended Complaint, states as follows:

1.  In response to the allegations in Paragraph 1, Defendant admits Plaintiffs purport to bring this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA") to recover alleged unpaid minimum wages and other alleged damages. Defendant denies all remaining allegations in Paragraph 1.

2.  In response to the jurisdictional allegations contained in Paragraph 2, Defendant does not presently contest subject matter jurisdiction but denies that Plaintiffs are entitled to any relief requested or to any other relief.

3.  In response to the venue allegations contained in Paragraph 3, Defendant does not contest venue in this Court with respect to Plaintiffs' claims individually, and admits that Plaintiffs work or worked at some time in this district, and admits that Defendant has conducted and presently conducts business in this district. Defendant denies all remaining allegations in Paragraph 3.

4.  Paragraph 4 purports to constitute Plaintiffs' "Class Description" to bring a putative collective action under the FLSA, to which no response is required. To the extent a response is

deemed required, Defendant denies that collective action treatment is proper and that Plaintiffs are proper class representatives, denies that Plaintiffs have stated a proper class description, and further denies all remaining allegations in Paragraph 4. In response to Footnote 1 of Plaintiffs' Second Amended Complaint, Defendant denies that Plaintiffs have the right to modify or amend the "Class Description" upon newly discovered information gathered through discovery and objects to Plaintiffs' purported right to do so.

5.  Defendant admits that Defendant Macado's, Inc. is a Virginia corporation with its principal office located at 120 Church Avenue SW (Suite B), Roanoke, Virginia 24011-1919. The remaining allegations in Paragraph 5 consist solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs work or worked at some point for Defendant Macado's Inc. but Defendant lacks sufficient information and belief to admit or deny the same with regard to those current and former employees allegedly "similarly situated" to the Plaintiffs. Defendant denies all remaining allegations in Paragraph 5.

6.  Defendant admits that named Plaintiff Jeffery Spencer, Jr. is employed by Defendant and is an hourly-paid, tipped employee at one of Defendant's restaurants. Defendant acknowledges that named Plaintiff Jeffery Spencer, Jr.'s Consent to Join attached as Exhibit A to Plaintiffs' Second Amended Complaint purports to be a consent to join from "Jeff Spencer, Jr." Defendant denies any remaining allegations in Paragraph 6 and in Exhibit A not expressly admitted herein and denies that conditional certification or any certification is appropriate in this matter.

7.  Defendant admits that named Plaintiff Travis E. Hostetter was employed by Defendant and was an hourly-paid, tipped employee at one of Defendant's restaurants. Defendant acknowledges that named Plaintiff Travis E. Hostetter's Consent to Join attached as Exhibit B to Plaintiffs' Second Amended Complaint purports to be a consent to join from "Travis E. Hostetter."

Defendant denies any remaining allegations in Paragraph 7 and in Exhibit B not expressly admitted herein and denies that conditional certification or any certification is appropriate in this matter.

8. Defendant admits that named Plaintiff Cheyenne Williams was employed by Defendant and was an hourly-paid, tipped employee at one of Defendant's restaurants. Defendant acknowledges that named Plaintiff Cheyenne Williams' Consent to Join attached as Exhibit C to Plaintiffs' Second Amended Complaint purports to be a consent to join from "Cheyenne Williams." Defendant denies any remaining allegations in Paragraph 8 and in Exhibit B not expressly admitted herein and denies that conditional certification or any certification is appropriate in this matter.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits that the named Plaintiffs were or are employees of Defendant, but lacks sufficient information or belief to admit or deny allegations about individuals who are allegedly similarly situated, and therefore denies the same. Defendant denies any remaining allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12 with respect to the named Plaintiffs, but lacks sufficient information or belief to admit or deny allegations about individuals who are allegedly similarly situated, and therefore denies the same. Defendant denies any remaining allegations in Paragraph 12.

13. Defendant denies all allegations in Paragraph 13, and denies that it violated any legal duty owed to Plaintiffs and that Plaintiffs have been damaged in any way. In response to Footnote 3 of Plaintiffs' Second Amended Complaint, Defendant denies that Plaintiffs have appropriately cited the Department of Labor's Field Operations Handbook and that Department of

Labor updated the Field Operations Handbook by way of a Field Assistance Bulletin published on February 15, 2019.

14. Defendant denies all allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15 with respect to the named Plaintiffs, but lacks sufficient information or belief to admit or deny allegations about individuals who are allegedly similarly situated, and therefore denies the same. Defendant denies any remaining allegations in Paragraph 15.

16. Paragraph 16 consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not presently contest the applicability of the FLSA to the allegations in this case but reserves the right to assert otherwise as discovery progresses. Defendant admits that its annual revenue exceeds $500,000. Defendant denies any remaining allegations in Paragraph 16.

17. Paragraph 17 consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not presently contest the applicability of the FLSA to the allegations in this case but reserves the right to assert otherwise as discovery progresses.

18. Defendant admits it employs "tipped employees" but denies the remaining allegations in Paragraph 18 and Defendant denies that it violated any legal duty owed to Plaintiffs and that Plaintiffs have been damaged in any way.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits that Plaintiff Jeffery Spencer works as a "tipped employee" for Defendant, and regularly performs tasks related to his tipped occupation. Defendant denies the remaining allegations in Paragraph 20 and Footnote 4.

21. Defendant admits that Plaintiff Jeffery Spencer regularly performs tasks related to his tipped occupation. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22 and further states that Defendant has paid Plaintiff Jeffery Spencer properly for all weeks worked.

23. Defendant admits that Plaintiff Travis Hostetter worked as a "tipped employee" for Defendant, and regularly performed tasks related to his tipped occupation. Defendant denies the remaining allegations in Paragraph 23 and Footnote 5.

24. Defendant admits that Plaintiff Travis Hostetter regularly performs tasks related to his tipped occupation. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25 and further states that Defendant has paid Plaintiff Travis Hostetter properly for all weeks worked.

26. Defendant admits that Plaintiff Cheyenne Williams worked as a "tipped employee" for Defendant, and regularly performed tasks related to her tipped occupation. Defendant denies the remaining allegations in Paragraph 26 and Footnote 6.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits that Plaintiff Cheyenne Williams regularly performed tasks related to her tipped occupation. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29 and further states that Defendant has paid Plaintiff Cheyenne Williams properly for all weeks worked.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits the allegations in Paragraph 31 with respect to the named Plaintiffs in that they were paid by the hour and a tip credit was taken when they worked as tipped employees, but lacks sufficient information or belief to admit or deny allegations about individuals

who are allegedly similarly situated, and therefore denies the same. Defendant denies any remaining allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies all allegations in Paragraph 35 and denies that it violated any legal duty owed to Plaintiffs and that Plaintiffs have been damaged in any way.

36. Defendant denies all allegations in Paragraph 36 and denies that it violated any legal duty owed to Plaintiffs and that Plaintiffs have been damaged in any way.

37. Defendant states Department of Labor's Fact Sheet #15 speaks for itself and thus no response is required. To the extent a response is deemed required, Defendant admits that Fact Sheet #15 currently states "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

38. Defendant states 29 C.F.R. § 531.52 speaks for itself and thus no response is required. To the extent a response is deemed required, Defendant admits that 29 C.F.R. § 531.52 currently states "tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA."

39. Defendant denies all allegations in Paragraph 39 and denies that it violated any legal duty owed to Plaintiffs and that Plaintiffs have been damaged in any way.

40. Defendant denies that any amount is owed to the named Plaintiffs or any other putative class member or that such putative class members exist. The remaining allegations in

Paragraph 40 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies all remaining allegations in Paragraph 40.

41. Defendant admits that Plaintiffs' Second Amended Complaint purports to allege claims under the FLSA and that Plaintiffs purportedly brought this action on behalf of themselves and a class as a collective action, but denies that Plaintiffs have brought a proper collective action, denies that a class of similarly situated individuals exists, denies that Plaintiffs are proper class representatives, and denies that Plaintiffs can seek relief on behalf of the alleged class. Defendant denies any remaining allegations in Paragraph 41.

42. Defendant denies that this case is proper for conditional certification or any certification. Defendant denies all remaining allegations in Paragraph 42.

43. Defendant denies all allegations in Paragraph 43.

44. Defendant denies all allegations in Paragraph 44.

45. Defendant denies all allegations in Paragraph 45.

46. Defendant denies all allegations in Paragraph 46.

47. Defendant denies all allegations in Paragraph 47.

48. Defendant denies all allegations in Paragraph 48.

49. Defendant denies that Plaintiffs have suffered any damages, denies that Plaintiffs have or will suffer any damages, denies that Plaintiffs are entitled to any relief requested or to any other relief, and demands strict proof thereof. Defendant denies all remaining allegations in Paragraph 49.

50. In response to Paragraph 50, Defendant hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

51. Paragraph 51 consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not presently contest the applicability of the FLSA to the allegations in this case but reserves the right to assert otherwise as discovery progresses

52. Defendant denies all allegations in Paragraph 52.

53. Defendant denies all allegations in Paragraph 53.

54. Defendant denies all allegations in Paragraph 54.

55. Defendant denies all allegations in Paragraph 55.

56. Paragraph 56 consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies all allegations in Paragraph 56.

57. Defendant denies all allegations in Paragraph 57 and denies that it violated any legal duty owed to Plaintiffs and that Plaintiffs have been damaged in any way.

58. In response to Paragraph 58, Defendant hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

59. Paragraph 59 consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not presently contest the applicability of the FLSA to the allegations in this case but reserves the right to assert otherwise as discovery progresses

60. Defendant admits that it presently employed or previously employed the named Plaintiffs, but denies that a class exists and denies any remaining allegations in Paragraph 60.

61. Defendant denies all allegations in Paragraph 61.

62. Defendant denies all allegations in Paragraph 62.

63. Defendant denies all allegations in Paragraph 63.

64. Defendant denies all allegations in Paragraph 64 and denies that it violated any legal duty owed to Plaintiffs and that Plaintiffs have been damaged in any way.

65. In response to Paragraph 65, Defendant hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

66. Paragraph 66 consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not presently contest the applicability of the FLSA to the allegations in this case but reserves the right to assert otherwise as discovery progresses.

67. Defendant admits that it presently employed or previously employed the named Plaintiffs, but denies that a class exists and denies any remaining allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. In response to the allegations contained in Paragraphs A through F in Plaintiffs' "PRAYER FOR RELIEF," Defendant denies that it violated any legal right or duty owed to the named Plaintiffs or any other persons in relation to the allegations in the Second Amended Complaint, denies that the named Plaintiffs or any other persons are entitled to the relief requested or to any other relief, and demands strict proof thereof.

73. Defendant denies all allegations contained in Plaintiffs' Second Amended Complaint that it has not expressly admitted in this Answer and reserves the right to amend this Answer as necessary.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiffs' Second Amended Complaint, Defendant sets forth the following affirmative and other defenses:

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs have failed to state facts sufficient to entitle them to proceed collectively under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3. Plaintiffs cannot satisfy the requirements of a collective action under the FLSA because Plaintiffs are not similarly situated to the group of individuals they purport to represent, and/or the members of the class Plaintiffs purport to represent, the existence of which is expressly denied, are not similarly situated to each other.

4. The type of claim alleged by Plaintiffs on their behalf and on behalf of the group of individuals which they purport to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective action.

5. Plaintiffs' claims are barred, in whole or in part, by their failure to adhere to the applicable statute of limitations, required time period for asserting claims, and/or other statutory or other provisions of law.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, and payment.

7. Plaintiffs' claims are barred, in whole or in part, by recoupment, offset, or overpayment.

8.  Plaintiffs' claims are barred, in whole or in part, or recovery of damages is precluded, in whole or in part, under the *de minimis* doctrine.

9.  Plaintiffs' claims for non-compensable time are barred, in whole or in part, by 29 U.S.C. § 254(a).

10. Plaintiffs' claims are barred, in whole or in part, by the fact that Plaintiffs at all times made at least minimum wage for all hours worked in every workweek.

11. Plaintiffs' claims are barred, in whole or in part, for time allegedly worked without Defendant's actual or constructive knowledge.

12. To the extent that damages claimed by Plaintiffs were caused, in whole or in part, by Plaintiffs' failure to follow Defendant's policies, such failure precludes a finding of willfulness under the FLSA.

13. Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Second Amended Complaint, if any.

14. Plaintiffs were paid for the hours that Defendant believed in good faith that they worked and payment for wages was based on information provided in part by the employees to the Defendant, and Defendant lacked knowledge of unpaid hours worked, if any such hours were worked.

15. Plaintiffs suffered no actual damages as a result of Defendant's practices and, as a result, the imposition of statutory damages would be punitive in nature and violate Defendant's due process rights.

16. Defendant's compensation and timekeeping practices were adopted in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings,

approvals or interpretations of the United States Department of Labor and therefore may not give rise to liability for back wages pursuant to 29 U.S.C. § 259.

17. If Defendant is found to have committed any statutory violations, liquidated and punitive damages should not be awarded because Defendant acted in good faith and had reasonable grounds for believing it was not violating the FLSA.

18. If Defendant is found to have committed any statutory violations, damages should be awarded only for the time period beginning two years prior to the pendency of the lawsuit because any such violations were not willful.

19. To the extent Plaintiffs seek to recover attorneys' fees, Plaintiffs have failed to state facts sufficient or a claim to support the award of attorneys' fees. Defendant reserves the right to challenge any award of attorneys' fees as unreasonable.

20. Defendant expressly reserves the right to assert additional defenses, counterclaims, or any other claims it may deem appropriate after further proceedings in this case.

21. Department of Labor regulations and interpretive guidance bar Plaintiffs' claims.

WHEREFORE, Defendant respectfully request that this Court enter an order dismissing Plaintiffs' Second Amended Complaint in its entirety and awarding Defendant its attorney's fees and costs for defending this suit and for such other relief as the Court may deem appropriate.

Respectfully submitted,

WOODS ROGERS PLC

*s/* Leah M. Stiegler
Victor O. Cardwell, Esq. (VSB No. 27747)
cardwell@woodsrogers.com
Michael P. Gardner, Esq. (VSB No. 80380)
mgardner@woodsrogers.com
Leah M. Stiegler, Esq. (VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone:  (540) 983-7600
Facsimile:  (540) 983-7711
   *Attorneys for Defendant Macado's, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of July 2019, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record.

*s/* Leah M. Stiegler
