CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
09/27/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JEFFREY SPENCER, JR., *et al.*, <br> *Plaintiffs,* <br> v. <br> MACADO'S, INC., *et al.*, <br> *Defendants.* | CASE NO. 6:18-cv-00005 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' motion for conditional class certification with notice to potential plaintiffs. (Dkt. 109, 110). Plaintiffs, current and former servers and bartenders at Defendants Macado's restaurants ("Macado's"), brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. As explained below, the Court will grant Plaintiffs' motion for conditional class certification and instruct Macado's to provide notice to putative class members.

**Background**

Plaintiffs Jeffrey Spencer, Cheyenne Williams, and Travis Hostetter are current and former employees of Macado's Lynchburg, Virginia location. (Dkt. 105 ¶¶ 1, 6–8). They receive both an hourly wage and tips. *Id.* ¶¶ 6–8. Plaintiffs are or were paid by Macado's as tipped employees, receiving a wage below the federal minimum wage for untipped employees. *Id.* ¶ 52. Plaintiffs allege that Macado's maintained a policy of staffing restaurants with fewer employees than necessary. *Id.* ¶ 13. In turn, this policy of understaffing required Plaintiffs (1) to perform *unrelated* non-tip-producing tasks while clocked-in as tipped employees ("dual jobs"), (2) to perform *related* non-tip-producing tasks for more than twenty percent of their work time while

clocked-in as tipped employees ("side work"), and (3) to perform work "off the clock" before their scheduled shifts. *Id*. ¶ 13.

On August 1, 2018, the Court granted in part Macado's first motion to dismiss, dismissing without prejudice Plaintiffs' "dual jobs" and "off the clock" claims, primarily because Plaintiffs had not provided sufficient factual specificity about how much time was spent on unrelated non-tip producing tasks and how frequently Plaintiffs were required to perform "off the clock" work. (Dkt. 88, 89). Plaintiffs' "side work" claim survived. *Id*.

Plaintiffs subsequently amended their complaint, bringing all three claims again, and adding factual allegations to correct the pleading deficiencies identified in the Court's prior opinion. (Dkt. 105). Macado's moved to dismiss Plaintiffs' "dual jobs" and "off the clock" claims, (Dkt. 106), and on July 8, 2019, the Court denied this motion as to both counts. (Dkt. 142).

Plaintiffs now move for conditional certification of a class of Macado's employees. Specifically, the three named plaintiffs seek to represent a class consisting of all "other similarly situated Hourly-Paid Tipped Employees, classified as 'bartenders and servers'" who are or were employees of Macado's, Inc. during the applicable statute of limitations period under the FLSA. (Dkt. 110 at 1–2).

In addition to certifying the above class, Plaintiffs ask the Court to (1) require Macado's to provide Plaintiffs with the names, residential addresses, phone numbers, social security numbers, and employment history of all putative class members during the last 3 years; (2) require Macado's to post Court-approved notice to putative class members at all Macado's locations, enclose such notices in paystubs, and mail such notice to all putative class members; (3) order that the statute of limitations be tolled for the putative class as of the date the motion is granted, except with respect to individuals who have already opted in to the class; and (4) require that opt-in plaintiffs'

2

consent to join forms be deemed "filed" on the date they are postmarked. *Id*. at 2. Defendant opposes Plaintiffs' motion in its entirety. (Dkt. 122). The Court will conditionally certify Plaintiffs' proposed class, grant equitable tolling for putative opt-in plaintiffs, and order most of the notice mechanisms sought by Plaintiffs.

**Conditional Certification**

*i.     Legal Standard*

Section 216(b) of the FLSA "allows a plaintiff alleging a violation of the statute to bring suit on his own behalf or on behalf of other employees who are similarly situated." *Long v. CPI Sec. Systems, Inc.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013). "[T]here are two requirements for the certification of a FLSA collective action: (1) the members of the proposed class must be 'similarly situated,' and (2) the class members must 'opt-in' by filing their consent to suit." *Id*.

Courts in the Fourth Circuit "typically follow a two-step approach when deciding whether the named plaintiffs are similarly situated to potential plaintiffs for the purposes of certifying the collective action." *Long*, 292 F.R.D. at 298. "At the first stage, the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court." *Id*. "[T]his initial inquiry proceeds under a 'fairly lenient standard' and requires only 'minimal evidence,'" *id*., such as "factual evidence by affidavits or other means," *Essame v. SSC Laurel Operating Co. LLC*, 847 F. Supp. 2d 821, 825 (D. Md. 2012). *See also Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) ("The standard for conditional certification is fairly lenient and requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."). "The primary focus in this inquiry is whether the potential plaintiffs are 'similarly situated with respect

3

to the legal and, to a lesser extent, the factual issues to be determined.'" *Romero*, 796 F. Supp at 705 (quoting *De Luna–Guerrero v. N. Car. Grower's Assoc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004)). "Put another way, the touchstone at this stage is merely whether Plaintiffs have demonstrated some factual nexus connecting them to other potential plaintiffs as victims of an unlawful policy." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2012 WL 4739534, at *4 (E.D. Va. Oct. 2, 2012). In assessing whether conditional certification is appropriate, "the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 454 (M.D.N.C. 2015). "If the class is conditionally certified, the court typically authorizes plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in." *Romero*, 796 F. Supp. 2d at 705.

The Court proceeds to stage two if the defendant files a motion for decertification, usually after discovery is virtually complete. *Long*, 292 F.R.D. at 299 (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 563 (E.D. Va. 2006)). "Accordingly, throughout the second stage, courts apply a heightened fact specific standard to the 'similarly situated' analysis." *Id.* "Upon a determination that the plaintiffs established the burden of proving they are 'similarly situated,' the collective action proceeds to trial." *Id.* "On the contrary, if the court determines that the plaintiffs are in fact, not 'similarly situated,' the class is decertified and the original plaintiffs may proceed on their individual claims." *Id.*

Lastly, the FLSA does not define the term "similarly situated," and the Fourth Circuit has not clarified the term's meaning.[1] However, courts in this circuit maintain that "[p]utative class

---

[1] *Alderoty v. Maxim Healthcare Servs., Inc.*, No. CIV.A. TDC-14-2549, 2015 WL 5675527, at *8 (D. Md. Sept. 23, 2015) ("While the Fourth Circuit has not provided guidance on the meaning of "similarly situated," other courts have acknowledged the broad discretion district courts have to discern its meaning.").

4

members are 'similarly situated' for purposes of 216(b) if they 'raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions.'" *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) (quotation and citation omitted). "There must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2012 WL 4739534, at *4 (E.D. Va. Oct. 2, 2012). But "their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination." *Romero*, 796 F. Supp. 2d at 705.

    *ii.*    *Analysis*

Plaintiffs seek conditional certification of the above-referenced class. In addition to the three named plaintiffs, twenty-six additional opt-in plaintiffs have joined[2] by filing consent forms pursuant to 29 U.S.C. § 216(b). (Dkt. 110 at 6). In support of their motion for conditional certification, Plaintiffs offer thirteen declarations, three from the named plaintiffs and ten from opt-in plaintiffs. (Dkt. 110-3, 110-4). Nine of these declarations are from current or former Macado's servers; one is from a Macado's bartender; and three are from employees who served as both a server and bartender during their course of employment with Macado's. Six of these declarations are from current or former employees of Macado's Lynchburg location; one is from the Boone, North Carolina location; five are from the Kingsport, Tennessee location; and one is

---

[2] Twenty-seven opt-in plaintiffs had joined, but one, Christina Withers, recently withdrew. (Dkt. 145).

from an employee who worked, at various times, at the Lynchburg, Radford, and Kingsport, Tennessee locations.

Each employee essentially asserts that Macado's, as a matter of either companywide policy or widespread practice, required them to perform "off the clock" work before and after shifts; to perform tasks related to their tip-producing work in excess of twenty percent of their work time while clocked in tipped employees; and to perform non-tip producing tasks such as, among other things, regularly washing dishes while clocked in as tipped employees. (*E.g.*, Dkt. 110 at 5–7; 110-3; 110-4). Accordingly, it appears at this juncture that Plaintiffs have met their relatively relaxed burden under the "similarly situated" analysis of making a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law" and demonstrating "some factual nexus connecting them to other potential plaintiffs as victims of an unlawful policy." *LaFleur*, 2012 WL 4739534, at *10.

Macado's raises several unavailing arguments in opposition to conditional class certification. First, Macado's argues that Plaintiffs have failed to "articulate any common unlawful policy or practice" but that, "[a]t best, Plaintiffs' evidence demonstrates that different employees within and among Macado's locations were allegedly subject to a handful of disparate and isolated infractions by rogue managers." (Dkt. 122 at 5). Macado's contends that Plaintiffs' evidence suggests that "any alleged FLSA violations are isolated and confined," and that Plaintiffs' claims are all "individualized" in nature. *Id*. at 11. But that is not entirely accurate. As described above, Plaintiffs (both named and opt-in) all had the same or similar job titles and duties, and all aver that they were made to work "off the clock," perform related tasks in excess of twenty percent of their work time, and to perform non-tip producing tasks while still clocked in as tipped employees. (Dkt. 110 at 5–7; 110-3; 110-4). Moreover, Plaintiffs assert that they either believe that such

6

demands are Macado's policy or widespread practice, or that management explicitly informed them that such demands were Macado's policy in response to specific complaints. (Dkt. 110-3 at 2; 110-4 at 3–4, 17). To be sure, Plaintiffs' declarations represent only four of fifteen Macado's locations. However, Plaintiffs need not present evidence from every single Macado's location at this stage. "[D]iscovery may well support [Macado's] contention" that Plaintiffs' claims are essentially individualized in nature but "reviewing such evidence at this stage in the litigation . . . would amount to this Court resolving factual disputes" between the parties about whether Macado's maintained a companywide policy as Plaintiffs allege. *LaFleur*, 2012 WL 4739534, at *10. The Court declines Macado's invitation to do so.

Second, Macado's argues that Plaintiffs' proposed class is "overly broad" because the "duties, policies, and practices between servers and bartenders vary significantly" and because the "duties, policies and practices among Macado's 21 locations vary significantly," preventing certification of a class encompassing both servers and bartenders and all Macado's locations. (Dkt. 122 at 14, 17). This argument also fails. While some restaurants may have a different or more stringent division of labor between servers and bartenders, the duties described in the declarations before the Court do not meaningfully differ. This is true as between servers and bartenders, or, for that matter, between employees of various Macado's locations. Generally, both servers and bartenders—across all four Macado's locations represented in the declarations before the Court— allege that their "main job duties consist of taking food and beverage orders and serving such items to customers." (*See, e.g.*, Dkt. 110-3 at 1; 110-4 at 27).

Third, Macado's attempts to introduce its own declarations from current tipped employees averring that they "have not been asked to work off the clock, have not worked a dual job, and have not spent 20% of their time doing related, untipped side work." (Dkt. 122 at 11). Without

7

citing all the relevant precedent establishing this point,³ Plaintiffs correctly note that such "happy camper" declarations are generally entitled to little or no weight at this stage, given the risk that the employer secured such declarations through explicit or implicit coercion. (Dkt. 121 at 6–7).

**Notice to Putative Class**

"District courts 'have discretion in appropriate cases' to facilitate notice to potential plaintiffs in order to enforce the FLSA's collective active provision," and courts that conditionally certify classes typically permit notice to the putative class. *Essame*, 847 F. Supp. 2d at 824 (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). *See also Romero*, 796 F. Supp. 2d at 705 ("If the class is conditionally certified, the court typically authorizes plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in.").

In this case, Plaintiffs ask that the Court (1) require Macado's to provide Plaintiffs with the names, residential addresses, phone numbers, social security numbers, and employment history of all putative class members during the last three years; and (2) require Macado's to post Court-approved notice to putative class members at all Macado's locations, enclose such notices in paystubs, and mail such notice to all putative class members.

Arguing that such notice is unwarranted, Macado's first contends that "Plaintiffs have effectively issued notice already to prospective class members" by advertising this suit to prospective plaintiffs "through a misleading website and through targeted ads on social media." (Dkt. 122 at 19–20). But Macado's does little to show that this online advertising renders further

---

³ *See, e.g., Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011) ("['Happy camper'] affidavits are of little use at this juncture . . . [I]t is no more helpful for the employer to round up a small sample of favorable statements from employees . . .[T]he Court's function at this stage of conditional certification is not to perform a detailed review of the individualized facts from employees hand-picked by [Defendant].").

8

notice duplicative, or that such alleged duplicity would render the Court's facilitation of notice improper here. Indeed, issuing notice to putative class members is commonplace in FSLA cases. *See Velasquez v. Digital Page, Inc.*, 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members.").

Second, Macado's argues that the "proposed recipient list is overly broad," that any "notice should be limited to the stores from which Plaintiffs presented evidence," and that Plaintiffs have failed to "make a showing of some 'special need'" for "disclosure of prospective class telephone numbers and social security numbers." (Dkt. 122 at 21). Macado's also argues that any notice should not be posted "prominently on any time clocks, computer, and/or bulletin boards used by" putative class members as Plaintiffs suggest, as such notice would be visible to patrons and thus would be "intrusive []to Macado's operations." (Dkt. 122 at 22). The Court has discretion to limit what Macado's must disclose and how notice is effectuated; a limitation preventing disclosure of social security numbers, as well as advertising of notice on screens visible to Macado's patrons, may well be in order. However, limiting notice to just those locations from which Plaintiffs have presented declarations would make little sense: The proposed class definition itself purports to cover all Macado's employees across all fifteen locations, and Plaintiffs were not required to submit evidence from every single Macado's location in order to secure conditional certification.

Thus, the Court will order notice to be provided in the following manner: First, Macado's shall provide Plaintiffs with the names, last known residential addresses, phone numbers, and dates of employment by Macado's within the last three years of any potential class member; second, Macado's shall post notice approved by this Court to putative class members at all Macado's locations, enclose such notices in paystubs, and mail such notice to all putative class members;

9

finally, as Plaintiffs have already submitted proposed notice, Macado's may submit for the Court's consideration their own proposed notice or objections to Plaintiffs' proposal. This proposed notice will be due within fourteen days of the issuance of the Court's accompanying order.

Finally, notice shall be placed immediately adjacent to the time clock used by tipped employees at each of Macado's restaurant locations. If placement in this fashion causes the text of the notice to be visible to and readable by customers, then Macado's may instead post such notice in an employee-only area of each Macado's restaurant in a location frequented by both servers and bartenders. In such instances, Macado's shall provide notice to the Court and to Plaintiffs of its deviation from placing notice by its time clock.

**Equitable Tolling**

Plaintiffs request equitable tolling such that "notices [of opt-in plaintiffs] be deemed 'filed' on the date they are postmarked (excluding those already opted-in to this action) and that the statute of limitations be tolled as of the date this motion is fully briefed (except for those who have already opted-in to this action), so that prospective class members will not have their statute of limitations run while the Consent Forms are being sent to them in the mail." (Dkt. 110 at 16). FLSA claims "are subject to a statute of limitations which requires parties to commence their case within two years of the accrual of the action." *See* 29 U.S.C. § 255(a); *LaFleur*, 2012 WL 4739534, at *2. "However, if the cause of action arises out of a willful violation of the FLSA, a plaintiff is given three years to commence an action." *LaFleur*, 2012 WL 4739534, at *2. "An action is considered 'commenced' under the FLSA 'on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought' or 'if such written consent was not so filed

10

or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced." *Id.*; 29 U.S.C. § 256(a)–(b). "As a result, a plaintiff that opts into a collective FLSA suit is limited to looking back two or three years for violations of the FLSA by their employer." *LaFleur*, 2012 WL 4739534, at *2.

Courts are divided on how to apply the doctrine of equitable tolling to motions by FLSA plaintiffs for class certification. Some courts have strictly adhered to particular and circumscribed categories in denying equitable tolling.[4] *LaFleur*, 2012 WL 4739534, at *2. Other courts "have allowed equitable tolling of FLSA claims where the case's litigation posture has delayed the court's consideration of the motion for conditional certification and notice." *Perez v. Comcast*, 2011 WL 5979769 at *2 (N.D. Ill. Nov. 29, 2011) (compiling cases). Without equitable tolling in such cases, "claims of putative opt-in plaintiffs could become time-barred before those potentially similarly-situated individuals receive notice of this action." *Ruffin v. Entm't of the Eastern Panhandle*, 2012 WL 28192 at *2 (N.D. W.Va. Jan. 5, 2012).

Plaintiffs filed their Motion to Certify Class on December 7, 2018, nearly ten months ago. (Dkt. 109). The parties finished briefing on the matter on February 8, 2019.[5] (Dkt. 127). Disposition of this motion was delayed several months while the Court resolved Defendants' motion to dismiss, which was filed just days before Plaintiffs' present motion. (Dkt. 142). On July 8, 2019, the Court issued its decision denying Defendants' motion to dismiss. (Dkt. 142). As a result, this case's litigation posture delayed the Court's consideration of Plaintiffs' Motion to

---

[4] *LaFleur* held that equitable tolling in FLSA cases was only appropriate where "(1) claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, … (2) where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass … [or] when (3) extraordinary circumstances beyond a plaintiff's control prevents timely filing of one's claims." *LaFleur*, 2012 WL 4739534, at *2 (Internal citations omitted).
[5] Macado's subsequently filed a motion to strike Plaintiffs' motion for class certification on May 2, 2019 because of Plaintiffs' alleged failure to set a hearing for the motion within 60 days per the Western District of Virginia's local rules, (Dkt. 132), and the parties finished briefing this matter on May 9, 2019. (Dkt. 134, 135). However, the Court will consider only the substantive briefing on the issue in tolling FLSA's statute of limitations.

11

Certify Class for several months, *Perez*, 2011 WL 5979769 at *2, and failing to toll the statute of limitations accordingly could time-bar potentially similarly-situated individuals before they receive notice of this action. *Ruffin*, 2012 WL 28192 at *2. Therefore, the Court will toll the statute of limitations against putative opt-in plaintiffs from February 8, 2019, the date substantive briefing concluded on Plaintiffs' motion for class certification, until September 27, 2019, the date of the Court's order conditionally certifying the class. However, the Court will deny Plaintiffs' request that notices be deemed filed on the day they are postmarked by Plaintiffs' counsel to putative opt-in plaintiffs.

## Conclusion

The Court will conditionally certify Plaintiffs to proceed on behalf of a class as described in the accompanying order. Macado's shall provide Plaintiffs with the names, last known residential addresses, phone numbers, and dates of employment by Macado's within the last three years of any potential class member. Macado's shall also post notice approved by this Court to putative class members at all Macado's locations, enclose such notices in paystubs, and mail such notice to all putative class members. The statute of limitations as it applies to putative opt-in plaintiffs shall be tolled from the time substantive briefing on this motion completed until the date of this order's issuance. Finally, as Plaintiffs have already submitted proposed notice, Macado's may submit for the Court's consideration their own proposed notice or objections to Plaintiffs' proposal.

An accompanying order shall issue.

Entered this 27th day of September, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

12