# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| **JEFFREY SPENCER, JR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 6:18-CV-00005-NKM-RSB |
| ) | |
| **MACADO'S, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Named Plaintiffs Jeffery Spencer, Travis Hostetter, and Cheyenne Williams, on behalf of themselves and others similarly situated ("Plaintiffs"), and Defendant Macado's, Inc., ("Defendant," and collectively with Plaintiffs, the "Parties"), by their undersigned counsel, jointly move this Court to approve the Parties' proposed settlement of this Action. In the action, Plaintiffs assert claims for alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a bona fide dispute between the Parties regarding liability and damages.

In support of this Motion, the Parties state:

1. On December 10, 2018, Named Plaintiffs Jeffery Spencer, Travis Hostetter, and Cheyenne Williams filed a putative opt-in collective action in this Court against Defendant on behalf of themselves and others similarly situated. Plaintiffs alleged Defendant required them and the putative class to work "off the clock" and that Defendant improperly deducted a "tip credit" for work that should have been compensated at the federal minimum wage rate of $7.25 per hour.

2. On September 27, 2019, the Court entered an order conditionally certifying a collective action consisting of current and former employees who were classified

as tipped-employees (servers and bartenders) at Defendant's restaurants located in the United States during the three years preceding the order.

3. By the close of the notice period, over two-hundred (200) individuals opted into this action and designated the Named Plaintiffs as their agents in this matter.

4. Counsel for the Parties vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, discovery, and informal exchanges of information, and have engaged in good faith, arms-length negotiations regarding settlement, including a successful mediation with United States Magistrate Judge Robert S. Ballou as mediator.

5. Following mediation on October 29, 2020, the Parties agreed to the specific terms by which they would settle all claims in the Action and drafted a document memorializing their agreement (the "Settlement Agreement" or the "Agreement"). A copy of the executed Settlement Agreement is attached to this Motion as ***Exhibit A.***

6. The Settlement Agreement provides that Defendant will pay One Hundred Seven Thousand and Five-Hundred Dollars $107,500.00 to the two-hundred and seven (208) eligible opt-in Plaintiffs,[1] which amount will be allocated based on factors including: (1) his/her status as a tipped employee; (2) his/her dates of employment; (3) his/or her hourly rate of pay, minus the applicable tip-credit; (4) the hours that he/she reported working during the relevant time period; and (5) his/her service in

---

[1] The Parties agree to jointly dismiss without prejudice the following Opt-in Plaintiffs by Stipulation of Dismissal: Justin Davis, Rebecca Loggans, Steven Barron, Victoria Shah, Melissa Sonya, Alisa Crosby, Christian Myers, Gwendolyn Loftis, Mary Mayberry, Milty Croy, Thomas Brumsa, Sakena Young, and Adam Hopper. The Parties agree that these individuals either (a) worked outside of a three (3) year statute of limitations periods or (b) were not employed by Defendant as a tipped-employee during the relevant three (3) year statutory period.

2

this Action, if any. The Named Plaintiffs will also receive an additional total of Nine Thousand $9,000.00 ($3,000.000 each) for their invaluable efforts in pursuing these collective claims.

7. The Agreement provides further that Defendant will pay One Hundred-Three Thousand and Five Hundred Dollars ($103,500.00)[2] to Plaintiffs' Counsel for attorneys' fees, costs, and settlement administration. The Parties acknowledge that these payments are reasonable in view of the expenses and fees incurred by Plaintiffs' Counsel in preparing and filing the complaint, drafting discovery requests and analyzing responses, and preparing for oral arguments. The Parties also note that the amount to be paid in attorneys' fees, settlement administration, and costs is less than the compensation to be paid to the Eligible Opt-In Plaintiffs.

8. The Settlement Agreement fully reflects a *bona fide* compromise between the Parties. Defendant has denied and continues to deny each of the claims and contentions alleged by all Plaintiffs in this Action, denies any unlawful conduct or wrongdoing or legal liability arising out of or related to any of the facts or conduct alleged in this Action, believe that it has valid defenses to Plaintiffs' claims, contend that all of its employees have been compensated in compliance with the law, and contends that Plaintiffs' claims are not appropriate for certification as a collective action. The Parties nevertheless desire to avoid the expense, burden, diversion and risk of continued, protracted litigation as to all Plaintiffs and wish to

---

[2] The precise amounts to Plaintiffs' Counsel are Eighty-Six Thousand ($86,000.00) in fees and Seventeen-Thousand, Five-Hundred ($17,500.00) in costs. Plaintiffs' Counsel's reasonably hourly rate is $400 per hour and Plaintiffs' Counsel has invested over six-hundred (600) hours of attorney time.

3

put to rest and fully and finally settle the Action and all controversies between the Eligible Opt-In Plaintiffs and Defendant relating to wage and hour matters.

9. The Agreement is fair and reasonable when judged in light of the following factors deemed relevant by the courts in approving FLSA settlements: (i) the extent of discovery that has taken place; (ii) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (iii) the absence of fraud or collusion in the settlement; (iv) the experience of counsel who have represented the plaintiffs; (v) the probability of plaintiffs' success on the merits; and (vi) the amount of the settlement in relation to the potential recovery. *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2015) (citations omitted); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-CV-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010).

10. With respect to the factors enumerated above:
    a. The parties engaged in discovery, both formal and informal;
    b. The Parties went through extensive motion practice and a lengthy notice-period. The Parties acknowledge that settlement presents a better outcome than continuing to engage in expensive, protracted litigation with risks to both Parties, especially in light of the economic situation the COVID-19 pandemic has left restaurants, such as Defendant's, in;
    c. There is no fraud or collusion in the settlement;
    d. Plaintiffs' counsel has more than thirty (30) years' experience practicing law and regularly represents employees asserting claims under the FLSA;

4

e. Counsel for Plaintiffs and Defendant have concluded, based on their investigation, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, the bona fide disputes over FLSA coverage of Plaintiffs' claims, and the substantial benefits to be received pursuant to the Agreement, that a settlement on the terms set forth in the Agreement is fair, reasonable, and adequate, and is in the best interest of all Parties; and

f. The proposed settlement reflects that Plaintiffs' claims for unpaid wages have a limited potential recovery because of their length of service and hours worked, and further reflects Defendant's contention that Plaintiffs' claims are not appropriate for certification as a collective action due to dissimilarities among class members' working experiences at Defendants' restaurants that may impair their likelihood of success.[3]

11. Should the Court approve the Settlement Agreement, the Parties will enter a Stipulation of Dismissal with Prejudice of this Action, pursuant to the terms of, and as required by, the Settlement Agreement.

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, and Defendant jointly move that this Court review their proposed Settlement Agreement and enter an Order approving the Agreement.

---

[3] Relevant facts and contentions of the Parties are described more particularly in a supporting brief, filed simultaneously herewith, and Plaintiffs' Motion for Conditional Certification (ECF No. 109-110), and Defendants' Opposition thereto (ECF No. 116).

5

**WE ASK FOR THIS:**

                                  *s/ Robert E. Morelli, III*
                                  Gordon E. Jackson* (TN Bar No. 08323)
J. Russ Bryant* (TN Bar No. 033830)
Paula R. Jackson* (TN Bar No. 20149)
Robert E. Morelli, III* (TN BPR No. 037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*
*rmorelli@jsyc.com*

*Admitted Pro Hac Vice

&

*s/ Johneal Moore White*
Johneal Moore White
Glenn Robinson Cathey Memmer & Skaff, PLC
400 Salem Avenue, S.W., Suite 100
Roanoke, VA 24016
540-767-2206
Fax: 767-2220
Email: jwhite@glennrob.com

*Attorneys for Plaintiffs*

&

WOODS ROGERS PLC
*s/ Leah M. Stiegler*
Victor O. Cardwell, Esq. (VSB No. 27747)
cardwell@woodsrogers.com
Michael P. Gardner, Esq. (VSB No. 80380)
mgardner@woodsrogers.com
Leah M. Stiegler, Esq. (VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011

6

>Telephone: (540) 983-7600
>Facsimile: (540) 983-7711
>*Attorneys for Defendant Macado's, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2020 I caused the foregoing to be electronically filed with the Clerk of the Court, and served all parties of record, by using the CM/ECF system.

>*s/Robert E. Morelli, III*